IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAMES BROTHERS, II, | :: | DIVERSITY ACTION |
|     Plaintiff, | :: | 28 U.S.C. § 1332 |
| | :: | |
| v. | :: | |
| | :: | |
| GEORGIA DEPARTMENT OF | :: | CIVIL ACTION NO. |
| CORRECTIONS; et al., | :: | 1:13-CV-0809-WSD-RGV |
|     Defendants. | :: | |

## FINAL REPORT AND RECOMMENDATION

Plaintiff James Brothers, II, presently confined in the Hamilton Correctional Institution in Jasper, Florida, previously was granted in forma pauperis status in this pro se civil rights action. [Doc. 10]. The matter is now before the undersigned Magistrate Judge for a 28 U.S.C. § 1915A frivolity screening.[1] For the reasons stated below, the undersigned **RECOMMENDS** that this action be **DISMISSED** as barred by res judicata.

## I. DISCUSSION

Plaintiff brings this action against the Georgia Department of Corrections, the City of Dallas, and Correctional Officer Huff of the Paulding County Probation and

---

[1] Federal courts are required to screen "as soon as practicable" a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Section 1915A(b) requires a federal court to dismiss a prisoner complaint that either: (1) is "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

Detention Center. [Doc. 1 at 1-2]. Plaintiff alleges that, on or about October 12, 2007, he was an inmate at the Paulding County Probation and Detention Center and "was working at Sarah Babb Park in Dallas, Ga. under the supervision of Officer Huff doing general lawn and maintenance work." [Id. at 2]. While attempting to remove a tree limb with a "weed eater," Officer Huff "lost his balance and came down with the metal blade of the 'weed eater' across the plaintiff's arm causing a severe potentially life threatening laceration." [Id. at 3]. After plaintiff received medical treatment for his injury, Warden John Doe told plaintiff that his "probation would be dropped" if he agreed not to file suit. [Id. at 3-4]. Plaintiff agreed and was released on October 29, 2007. [Id. at 4]. Plaintiff contends that "[o]n August 19, 2012, it came to [his] attention that there was a Violation of Probation Warrant in Georgia, therefore [defendants] violated the agreement, resulting in a breach of contract."[2] [Id.]. Plaintiff states that he still suffers "pain and numbness in [his] left arm." [Id.]. Plaintiff seeks monetary relief. [Id. at 6].

---

[2] The Court notes that plaintiff stated in an earlier lawsuit that he discovered the alleged breach of contract on March 16, 2010, based on an outstanding warrant for violation of probation. See Brothers v. Huff, No. 1:10-CV-3305-WSD (N.D. Ga. Feb. 16, 2012), Doc. 12 at 3-4.

2

In a prior civil action, plaintiff raised nearly identical claims against the same defendants concerning the "weed eater" incident.[3] See Brothers v. Huff, No. 1:10-CV-3305-WSD (N.D. Ga. Oct. 12, 2010) ("Brothers I"), Doc. 1. The Court dismissed that action for failure to state a claim under 42 U.S.C. § 1983. Id., Doc. 5. Additionally, the Court denied plaintiff's subsequent motion to amend his complaint to add a claim regarding the alleged breach of contract, finding that "he could have included that claim in his October 2010 complaint" and that the "case would not be reopened more than a year after judgment was entered so that [plaintiff could] add that intentionally omitted claim." Id., Doc. 13 at 2.

The doctrine of res judicata bars a subsequent suit on the same cause of action when four elements are present:

> (1) the prior decision must have been rendered by a court of competent jurisdiction; (2) there must have been a final judgment on the merits; (3) both cases must involve the same parties or their privies; and (4) both cases must involve the same causes of action.

---

[3] Plaintiff brought his prior civil action against the Secretary of the Georgia Department of Corrections in his official capacity. See Brothers v. Huff, No. 1:10-CV-3305-WSD (N.D. Ga. Oct. 12, 2010), Doc. 1 at 1. "[W]here a plaintiff brings an action against a public official in his official capacity, the suit is against the office that official represents, and not the official himself." Welch v. Laney, 57 F.3d 1004, 1009 (11th Cir. 1995). Thus, plaintiff's claim against the Secretary in his official capacity was really a claim against the Georgia Department of Corrections. Id.

In re: Piper Aircraft Corp, 244 F.3d 1289, 1296 (11th Cir. 2001) (citations omitted). "[P]rior and present causes of action are the same . . . [if they] . . . arise out of the same nucleus of operative fact, or are based upon the same factual predicate." See Davilla v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003) (citation omitted). Res judicata "pertains not only to claims that were raised in the prior action, . . . but also to claims that could have been raised previously." Id. (citation omitted). "[C]laims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims *actually* asserted by supplemental pleadings or otherwise in the earlier action." Manning v. City of Auburn, 953 F.2d 1355, 1360 (11th Cir. 1992) (emphasis in original) (footnote omitted).

This Court is a court of competent jurisdiction, and its dismissal of plaintiff's prior action for failure to state a claim was "an adjudication on the merits for res judicata purposes." Harmon v. Webster, 263 F. App'x 844, 845 (11th Cir. 2008) (per curiam). Plaintiff named the Georgia Department of Corrections, the City of Dallas, and Officer Huff as defendants in that action, which he filed on October 12, 2010. Brothers I, Doc. 1 at 1. Plaintiff actually asserted his breach of contract claim in a post-judgment motion filed in that action. Id., Doc. 12. Although plaintiff states in the instant action that he discovered the alleged breach of contract in 2012, he stated in his prior action that he discovered the breach on March 16, 2010. Id., Doc. 12 at 4. The

4

Court thus found that plaintiff could have brought his breach of contract claim in his initial complaint. Id., Doc. 13 at 2. Res judicata applies to the breach of contact claim that plaintiff asserts in the instant action because he could have included it in the initial complaint filed in his prior action. See Davilla, 326 F.3d at 1187; Manning, 953 F.2d at 1360. Accordingly, the Court finds that this action is barred by res judicata as all four elements for application of the doctrine are present.

## II.  CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that this pro se civil rights action be **DISMISSED** as barred by res judicata.

The Clerk is **DIRECTED** to terminate the referral to the Magistrate Judge.

**SO RECOMMENDED**, this 6th day of May, 2013.

*Russell G. Vineyard*
RUSSELL G. VINEYARD
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)