IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES BROTHERS, II, | |
| Plaintiff, | |
| v. | 1:13-cv-0809-WSD |
| GEORGIA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Russell G. Vineyard's Final Report and Recommendation ("R&R") [11] and on Plaintiff James Brothers, II, ("Plaintiff")'s Motion to Withdraw [17], Motion For Status of Case [19], and Motion to Waive Court Fee [23].

**I.     BACKGROUND**

This is the second time Plaintiff, *pro se* and currently incarcerated in Florida, has brought an action against the Georgia Department of Corrections, the City of Dallas, Georgia, and Correctional Officer Huff of the Paulding County Probation and Detention Center (collectively, "Defendants") based on the same events. On October 12, 2010, Plaintiff filed a "Notice of Intent to Initiate Litigation" and an

"Affidavit of Indigency," (collectively, the "2010 Pleadings"), that asserted various tort claims arising out of an accident that occurred in October 2007, when Plaintiff was part of an inmate work group in Dallas, Georgia.[1]  In the 2010 Pleadings, Plaintiff alleged that he was injured by a "weed eater" when trimming a tree under the supervision of Correctional Officer Huff.  Plaintiff stated that his "Petition shall be filed in accordance with § 1983 guidelines, under a color of lawsuit [sic], arising from contributing [sic] negligence and joint liability, and breach of fiduciary duties by the Defendant(s)."

After granting Plaintiff leave to proceed *in forma pauperis*, the Court conducted a frivolity review pursuant to 28 U.S.C. § 1915A.  Finding that Plaintiff's purported Section 1983 action was time-barred and that Plaintiff had failed to state a claim under Section 1983, the Court dismissed Plaintiff's action on October 20, 2010.  Plaintiff did not appeal.

More than a year later, on February 16, 2012, moved for relief from judgment, arguing, *inter alia*, that he wished to assert a breach of contract claim against Defendants.  Plaintiff alleged that he agreed not to sue Defendants for his weed-eater injury and that, in return, Defendants agreed to terminate his probation. Plaintiff stated he learned in March 2010 that Defendants had breached the alleged

---

[1] See Brothers v. Huff, No. 1:10-cv-3305-WSD (N.D. Ga. Oct. 12, 2010).

2

agreement when Plaintiff discovered that a warrant had been issued based on a violation of Plaintiff's probation.  On February 22, 2012, the Court denied Plaintiff's motion for relief from judgment, and denied Plaintiff's request to re-open the case to assert a breach of contract claim that could have been asserted in the 2010 Pleadings.

On March 11, 2013, Plaintiff filed this action, again seeking to assert claims against the Georgia Department of Corrections, the City of Dallas, and Huff for injuries Plaintiff allegedly sustained in the weed-eater incident in October 2007.  Plaintiff sought leave to proceed *in forma pauperis*, and the Magistrate Judge conducted a frivolity review.  On May 6, 2013, the Magistrate Judge recommended that this action be dismissed because it is barred by the doctrine of res judicata.  Plaintiff filed objections to the R&R, essentially arguing that the October 12, 2010, action should have been permitted to proceed and that Plaintiff's claims in this action, because they are the same, are not barred.

## II.   DISCUSSION

### A.   Legal Standard on a Magistrate Judge's R&R

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v.

Wainwright, 681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  This requires that the district judge "'give fresh consideration to those issues to which specific objection has been made by a party.'"  Jeffrey S. by Ernest S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990) (quoting H.R. Rep. No. 94-1609, 94th Cong., 2nd Sess. (1976)).  With respect to those findings and recommendations to which a party has not asserted objections, the Court must conduct a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983), cert. denied, 464 U.S. 1050 (1984).

    B.    Analysis

        1.    *Res Judicata*

"Under res judicata, also known as claim preclusion, a final judgment on the merits bars the parties to a prior action from re-litigating a cause of action that was or could have been raised in that action."  In re Piper Aircraft Corp., 244 F.3d 1289, 1296 (11th Cir. 2001) (citing Allen v. McCurry, 449 U.S. 90, 94 (1980)).  Res judicata applies when four elements are present:

> (1) the prior decision must have been rendered by a court of competent jurisdiction;

4

>   (2) there must have been a final judgment on the merits;
>   (3) both cases must involve the same parties or their privies; and
>   (4) both cases must involve the same causes of action.

Id.  Prior and present causes of action are the same if they arise out of the same nucleus of operative fact or are based upon the same factual predicate.  Id. at 1297.  See also Davilla v. Delta Air Lines, Inc., 326 F.3d 1183, 1187 (11th Cir. 2003).  The bar pertains "not only to claims that were raised in the prior action . . . but also to claims that could have been raised previously."  Davila, 326 F.3d at 1187 (citing Trustmark Ins. Co. v. ESLU, Inc., 299 F.3d 1265, 1271 (11th Cir.2002)).  "[C]laims that 'could have been brought' are claims in existence at the time the original complaint is filed or claims *actually* asserted by supplemental pleadings or otherwise in the earlier action."  Manning v. City of Auburn, 953 F.2d 1355, 1360 (11th Cir. 1992) (emphasis in original).

Here, Plaintiff's current action and his October 12, 2010, action both arise out of the same nucleus of operative facts – Plaintiff's alleged 2007 injuries resulting from an accident with a weed eater – and assert claims against the same Defendants.  This Court, a court of competent jurisdiction, dismissed Plaintiff's October 12, 2010, case for failure to state a claim upon which relief can be granted, which was an adjudication on the merits.  "As a general proposition, dismissal of a complaint for failure to state a claim operates as an adjudication on the merits for

5

res judicata purposes, even where the dismissal order does not specify whether such dismissal was with prejudice or without prejudice." Polk v. Sears, Roebuck, & Co., 2012 WL 1640708 (S.D. Ala. May 8, 2012) (citing N.A.A. C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir.1990) ("unless the court specifies otherwise, dismissal on the grounds that the facts and law show no right to relief operates as an adjudication on the merits")).  Plaintiff's instant action thus is barred by res judicata.

     2. *Plaintiff's objections to the R&R*

Plaintiff raises four (4) objections to the R&R, none of which directly addresses the conclusion that this action is barred by res judicata.  Plaintiff seems to believe that if the Court improperly disposed of the October 12, 2010, action, Plaintiff is entitled to litigate these issues again.  If, however, Plaintiff believed his 2010 case was improperly dismissed, Plaintiff's recourse was to appeal the Court's October 20, 2010, Order.  Plaintiff elected not to appeal, and his objections to the R&R are irrelevant to the question whether Plaintiff is precluded from bringing this action.

First, Plaintiff argues that, because his original case did not properly state a claim under Section 1983, the Court should not have applied a statute of limitations that applies to a Section 1983 case.  The objection is without merit.

6

Plaintiff asserted a claim under Section 1983, and the Court properly held that such a claim was time-barred. The Court also held, however, that Plaintiff had failed to state a claim upon which relief could be granted because Section 1983 is not a vehicle through which to assert general, garden-variety tort claims such as those Plaintiff alleged in the 2010 Pleadings. See Paul v. Davis, 424 U.S. 693, 701 (1976). Plaintiff's claims, brought under Section 1983, thus were required to be dismissed regardless of whether or not they were time-barred. Plaintiff's October 12, 2010, action was adjudicated on the merits, and Plaintiff is precluded from bringing a second action asserting, against the same Defendants, claims arising out of the same events.

Second, Plaintiff contends that various state-law tort claims against the Georgia Department of Corrections, which were not time-barred in 2010, are allowed to be asserted in federal court on the basis of diversity jurisdiction. This objection also is without merit. Even if Plaintiff were a citizen of Florida, which was not alleged, he did not assert diversity jurisdiction in the 2010 Pleadings.[2]

---

[2] Plaintiff argues that he was a citizen of Florida at the time the 2010 Pleadings were filed because was then incarcerated in Florida. But a prisoner does not acquire a new domicile in the place of his imprisonment. Instead, he retains the domicile he had prior to his incarceration. Polakoff v. Henderson, 370 F. Supp 690, 693 (N.D. Ga. 1973), aff'd, 488 F.2d 977 (5th Cir. 1974).[2] See also Green v. Corrections Corp. of America, 401 F. App'x. 371, 377 n.7 (10th Cir. 2010); accord Hall v. Curran, 599 F.3d 70, 72 (1st Cir. 2010).

Plaintiff stated only his intention to assert an action under Section 1983. "[D]istrict courts cannot concoct or resurrect arguments neither made nor advanced by the parties." Fils v. City of Aventura, 647 F.3d 1272, 1284 (11th Cir.2011). See also Resolution Trust Corp. v. Dunmar Corp., 43 F.3d 587, 599 (11th Cir.1995) ("There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it. . . ."). Plaintiff's election, in 2010, not to assert all claims arising out of the same set of events does not avoid the Court's finding of res judicata, which applies not only to issues actually decided, but also to all claims that could have been raised, but were not. Citibank, N.A. v. Data Lease Fin. Corp., 904 F.2d 1498, 1503 (11th Cir.1990)).

Third, Plaintiff argues that he asserted a claim for breach of contract in the 2010 Pleadings and that the Court should have permitted that claim to proceed. In the 2010 Pleadings, Plaintiff listed as one of his claims against Defendants the following: "Breach of Defendant(s) fiduciary duties to Plaintiffs as deprivation under color of law." Plaintiff argues that the Court should have interpreted "breach of fiduciary duty" as a claim for "breach of contract."[3] The Court does not interpret this claim as an independent cause of action for breach of contract

---

[3] Plaintiff notes that "'Fiduciary' is defined by American Dictionary as 'Involving a confidence or trust held or holding in trust for another,' such as a fiduciary contract.'" (Pff.'s Objections to the R&R at 5.)

because the reference to a "deprivation under color of law" plainly indicates Plaintiff's claim was brought under Section 1983.[4] Plaintiff did not properly assert a breach of contract claim until February 16, 2012, more than a year after judgment was entered in the October 12, 2010, action.[5]

Fourth, Plaintiff contends that his instant action asserts a claim for medical malpractice which is not barred by res judicata because the statute of limitations for medical malpractice claims is two years. Plaintiff misunderstands how res judicata operates. Plaintiff's claims are barred not because the statute of limitations has run, but because all of Plaintiff's claims against Defendants arising out of Plaintiff's alleged 2007 injury are treated by the law as having been litigated in the October 12, 2010, action. Plaintiff in fact asserted a claim for medical malpractice in the 2010 action, and Plaintiff is not permitted to assert the same

---

[4] 42 U.S.C. § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

[5] Plaintiff also argues that he did not actually become aware of his breach of contract claim until August 2012. This is belied by his February 16, 2012, submission in which he requested leave to assert a claim for breach of contract.

claim against Defendants in this action.

Having considered Plaintiff's objections to the R&R, the Court overrules each of them.  Finding no error with the remainder of the R&R, the Court concludes this action is required to be dismissed because it is barred by the doctrine of res judicata.

### C.     Motion to Waive Court Fee

When Plaintiff was granted leave to proceed *in forma pauperis*, he authorized ongoing deductions from his prisoner account to pay the required $350 filing fee.  Plaintiff moves to terminate these deductions because: (i) the instant action is not brought under Section 1983 and (ii) Plaintiff is suffering from a medical condition, the treatment for which costs $5.00 a month.  Plaintiff states that the filing-fee debits are having a significant adverse impact.  Plaintiff also moves for a reimbursement of the fees that previously were debited from his account.  These debits total $21.60, as of September 27, 2013.

The Prison Litigation Reform Act of 1995 ("PLRA") requires that a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee.  28 U.S.C.A. § 1915(b)(1); Hubbard v. Haley, 262 F.3d 1194, 1195 (11th Cir. 2001).  Plaintiff is required to pay the $350 filing fee regardless of the statute under which this action was brought.  "The Congressional purpose in promulgating the PLRA enforces an

interpretation that each prisoner pay the full filing fee." Hubbard, 262 F.3d at 1195 (citing 141 Cong. Rec. S7526 (daily ed. May 25, 1995) (statement of Sen. Kyl) ("Section 2 will require prisoners to pay a very small share of the large burden they place on the federal judicial system by paying a small filing fee upon commencement of lawsuits.  In doing so, the provision will deter frivolous inmate lawsuits.  The modest monetary outlay will force prisoners to think twice about the case and not just file reflexively.")).  Plaintiff objects to paying a statutorily required fee that is required to be paid, and as a result, and Plaintiff's motion to waive the fee is denied.

The Court also notes that the PLRA provides that payment be taken from a prisoner's account only when the amount in the account exceeds $10.  28 U.S.C. § 1915(b)(2) ("The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.").  This ensures that inmates need not "totally deprive themselves of those small amenities of life which they are permitted to acquire in a prison or mental hospital beyond the food, clothing, and lodging already furnished by the state." Roller v. Gunn, 107 F.3d 227, 233 (4th Cir.1997), cert. denied, 522 U.S. 874 (1997) (citation omitted).

11

### III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Russell G. Vineyard's Final Report and Recommendation [11] is **ADOPTED**. This action is **DISMISSED** as barred by the doctrine of res judicata.

**IT IS FURTHER ORDERED** that Plaintiff James Brothers, II's Motion to Withdraw [17] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion For Status of Case [19] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Waive Court Fee [23] is **DENIED**.

**SO ORDERED** this 8th day of November 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE